LILLIE LINDSAY

*v.*

STATE OF ILLINOIS.

*Opinion filed April 26, 1921.*

GOVERNMENTAL FUNCTION—*State not liable when exercising.* The State in conducting the Illinois State Normal School at DeKalb, exercises a governmental function and is not liable for the death, or injury, sustained by its employees while in the discharge of their duty.

SOCIAL JUSTICE AND EQUITY—*when claimant entitled to an award.* While the State is not legally liable for the death of claimant's intestate, the Court as a matter of social justice recommends to the Legislature an appropriation to claimant.

Edward J. Brundage, Attorney General, for State.

Bert Lindsay at the time of his death was employed as a night fireman at the building of the Northern Illinois State Normal School at DeKalb, Illinois. His duties were mostly as fireman and in the course of such employment he removed ashes from the pit underneath the boiler. On the night of January 12th, 1921, deceased was working in the boiler room alone and it appears that he was caught accidently in the machinery of the firing apparatus that he was caring for and killed. That deceased left widow and three children who were dependent upon him for support.

It is the opinion of this Court that in accordance with the decisions in similar cases heretofore made, there is no legal liability on the part of the State of Illinois; that the doctrine of *respondeat superior* does not apply to the State and that the State in conducing the Northern Illinois Sate Normal School at DeKalb is exercising a governmental function and is not liable for the death and injuries of those it employs. However, as a matter of social justice, this Court is of the opinion that an allowance should be made. It is therefore recommended by this Court that the Legislature appropriate the sum of three thousand dollars ($3,000.00) to be paid to the claimant as an award in this case.